**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-00602-REB-MEH

LPP MORTGAGE LTD, f/k/a LOAN PARTICIPANT PARTNERS, LTD, a Texas limited partnership,

    Plaintiff,

v.

WILLIAM H. HOTALING and
ADA E. HOTALING,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

This matter is before me on **Plaintiff LPP Mortgage Ltd. f/k/a Loan Participan Partners, LTD., A Texas Limited Pertnership's Motion for Summary Judgment** [#50], filed May 15, 2007. The defendants filed a response [#77], and the plaintiff filed a reply [#78]. I grant the motion.[1]

**I. JURISDICTION**

I have subject matter jurisdiction over this case under 28 U.S.C. § 1332(a)(1) (diversity).

The plaintiff is the assignee of a promissory note and deed of trust initially owned by the United States Small Business Administration (SBA). The note and deed

---

[1] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

of trust were executed by the defendants and are based on money loaned to the defendants' corporation by the SBA. As an assignee of the SBA, the plaintiff asserts that this court also may have jurisdiction under 15 U.S.C. § 634(b), which provides that any United States District Court has jurisdiction over a suit filed by the SBA administrator. As the plaintiff notes, the SBA Administrator's rights to sue under § 634, including the jurisdictional provision of § 634(b), may not be assignable. *Amended Complaint*, ¶ 4. Because I have jurisdiction under 28 U.S.C. § 1332, I need not address the applicability of § 634(b) to this case.

## II. SUMMARY JUDGMENT - STANDARD OF REVIEW & ANALYSIS

Under **FED. R. CIV. P. 56(c)**, summary judgment is proper only if the evidence, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to summary judgment as a matter of law. **Farthing v. City of Shawnee, Kan**. 39 F.3d 1131, 1134 (10th Cir. 1994). A "material" fact is one "that might affect the outcome of the suit under the governing law," *Id.* at 1135 (citing **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986)), and a "genuine" issue is one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing **Anderson**, 477 U.S. at 248).

## III. BACKGROUND

On September 14, 1993, Contract Furniture Installers, Inc., (CFI) obtained a loan of $152,000 from the SBA. The defendants, William and Ada Hotaling, executed a deed of trust to secure the note. The deed of trust encumbered the house owned by William and Ada Hotaling, located at 10444 W. 83rd Ave, Arvada, Jefferson County,

Colorado (the Property).  The house was and is owned by William and Ada Hotaling personally, and was not owned by the corporation, CFI.  On April 26, 1994, the SBA, CFI, and the Hotalings executed a modification of the deed of trust.  The modification reflected an increase in the principal balance of the note from $152,000 to $216,700.

On April 11, 1995, the SBA sent letters to William H. Hotaling and to William H. Hotaling, as President of CFI.  The letters declared the note, as modified, to be in default and declared that the entire balance of the note was due and payable immediately.  CFI made no payments on the SBA note after February, 1995.

On April 24, 2001, the SBA assigned the note and deed of trust to the plaintiff, LPP Mortgage Limited (LPP).  The Hotalings are the record owners of the property that is subject to the deed of trust.  LLP attempted to complete a public trustee foreclosure on the deed of trust, but a Colorado state court concluded that foreclosure of the deed of trust was barred, apparently applying state law.  LLP now seeks to judicially foreclose the deed of trust in this action, which was filed in this court on March 31, 2006.

The facts outlined above are undisputed.  The sole issue in this case presents a question of law: what period of limitations is applicable to the plaintiff's claim.  LPP argues that it is entitled to the benefit of the federal statute of limitations applicable to foreclosures under 28 U..S.C. § 2415(c).  Section 2415(c) was applicable to the claim when it was held by the SBA, and LPP claims that the benefit of § 2415(c) was included in the SBA's assignment of the claim to LPP.

The Hotalings argue that the period of limitations applicable to the SBA under § 2415(c), is not assignable, and that the law of the State of Colorado defines the

3

applicable limitations periods. The Colorado period of limitations applicable to the enforcement of the deed of trust has expired. Thus, the Hotalings argue that LPP is time barred from enforcing the deed of trust. In addition, the Hotalings argue that LPP is time barred from enforcing the promissory note, and, therefore, also is barred from enforcing the deed of trust.

## IV.  ANALYSIS

### A.  Assignment of the Benefit of § 2415's Limitations Period

28 U.S.C. § 2415 is titled "Time for commencing actions brought by the United States." Section 2415 (c) provides:

> Nothing herein shall be deemed to limit the time for bringing an action to establish the title to, or right of possession of, real or personal property.

Section 2415 (c) governs foreclosure actions. *See, e.g., U.S. v. Ward*, 985 F.2d 500, 502 - 503 (10th Cir. 1993). LPP argues that it acquired the benefit of this statute when the SBA assigned the deed of trust to LPP. LPP is correct.

The United States Court of Appeals for the Fifth Circuit has held that a private assignee of a note previously held by a federal agency stands in the shoes of the assigning federal agency and receives the benefit of an expanded period of limitations applicable to the federal agency. *Federal Deposit Insurance Corporation v. Bledsoe*, 989 F.2d 805, 810 (5th Cir. 1993). In *Bledsoe*, the FDIC received a defaulted note that had been transferred repeatedly between failed savings and loan entities and the Federal Savings and Loan Insurance Corporation (FSLIC), a federal agency. When the FDIC sued on the note, Bledsoe argued that the FDIC's action was barred under Texas's four year statute of limitations. The FDIC argued that the expanded six year period of limitations provided in § 2415(a) was applicable because the defaulted

4

note previously had been transferred to the FSLIC, a federal agency, and that subsequent transfers of the note included the benefit § 2415(a)'s expanded period of limitations. The ***Bledsoe*** court held that the benefit of § 2415(a)'s expanded period of limitation was included in any transfer of the note from the FSLIC to subsequent private or government transferees. 989 F.2d at 809 - 811.

Relying on ***Bledsoe***, the Fifth Circuit reached a similar conclusion in ***Cadle Co. v. 1007 Joint Venture***, 82 F.3d 102, 105 (5th Cir. 1996). Addressing a related issue, the Tenth Circuit has relied on the holding in ***Cadle***. ***UMLIC-Nine Corp. v. Lipan Springs Development Corp.***, 168 F.3d 1173, 1177 n.3 (10th Cir.), ***cert denied***, 528 U.S. 1005 (1999) (when federal agency assigns obligation in default to private entity, private entity receives benefit of expanded statute of limitations applicable to federal agency). The Ninth Circuit has observed that

> (w)ith one exception, each of the federal and state courts that has considered the question has concluded that an assignee of the federal government may invoke the six-year statute of limitations in enforcing its right to collect on the debt.

***U.S. v. Thornburg***, 82 F.3d 886, 890 (9th Cir. 1996) (applying § 2415(a)).

The cases discussed above concern the assignment of the six year statute of limitations of § 2415 (a). There is no reason that the limitations period of § 2415(c), which controls actions to establish title to real or personal property, including foreclosures, should not also be subject to assignment under the same rationales discussed in the cases cited above. Therefore, I conclude that the SBA's assignment of the deed of trust to LPP included an assignment of the benefit of the limitations period of § 2415(c), which limitations period is applicable to LPP's claim for judicial foreclosure of the deed of trust in this case. Under § 2415(c), LPP's judicial foreclosure

claim is timely.

### B.  Foreclosure After Promissory Note Is Unenforceable

The Hotalings argue also that LPP cannot foreclose on the deed of trust because the deed of trust provided security for a promissory note that no longer is enforceable.  It is undisputed that under Colorado law, or under § 2415(a), the statute of limitations for a suit to enforce the promissory note given by the Hotalings to the SBA has expired.  Under Colorado law, a lien created by any instrument is extinguished when the right to commence a suit to enforce payment of the indebtedness secured by the lien is barred by any Colorado statute of limitations.  §38-39-207, C.R.S.  If LPP were proceeding under state law, then its judicial foreclosure claim would be barred.

Effectively, §38-39-207, C.R.S. is a period of limitations applicable to a foreclosure on a deed of trust; however, this limitation is not applicable to the United States or its assignees.  The United States is not bound by state statutes of limitation in enforcing its rights.  **U.S. v. Summerlin**, 310 U.S. 414, 416 (1940).  Any limitation on the United States' right to foreclose on the deed of trust in this case must come from federal law, and not from state law.  **See, e.g., U.S. v. Thornburg**, 82 F.3d 886, 890 (9th Cir. 1996).  Section 2415(c) is provides the applicable period of limitation, and that section provides that there is no period of limitations applicable to a foreclosure action by the United States.  The United States may foreclose on a deed of trust even though it is time barred from pursuing an action to enforce the underlying debt.  **U.S. v. Ward**, 985 F.2d 500, 502 - 503 (10th Cir. 1993); **U.S. v. Thornburg**, 82 F.3d 886, 892 - 893 (9th Cir. 1996).

The SBA's assignment of the Hotaling deed of trust to LPP included a transfer of

6

both: 1) the benefit of the United States' exemption from state law setting periods of limitation; and 2) the benefit of § 2415(c), which sets no period of limitation for foreclosure actions.  Therefore, LPP's claim for judicial foreclosure of the deed of trust is not barred because the period of limitations for a suit on the promissory note has expired.

## V.  ORDER

LPP's judicial foreclosure claim is not time barred and will be permitted to proceed.  LPP's request for relief in its Amended Complaint [#6], filed April 25, 2006, is for a decree of foreclosure directing the Sheriff of Jefferson County, Colorado, to sell the property to the highest bidder, and directing that the proceeds be applied in a certain fashion.  Now that the statute of limitations issue is resolved, I direct LPP to file a motion for issuance of a decree of foreclosure as well as a proposed form of a decree of foreclosure for consideration by the court.  There are no issues of fact to be resolved at a trial.  Therefore, I vacate the trial currently set to begin on September 4, 2007.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff LPP Mortgage Ltd. f/k/a Loan Participan Partners, LTD., A Texas Limited Pertnership's Motion for Summary Judgment** [#50], filed May 15, 2007, is **GRANTED**;

2. That plaintiff's claim for judicial foreclosure **SHALL BE PERMITTED TO PROCEED** because that claim is not time barred;

3. That on or before August 20, 2007, the plaintiff **SHALL FILE** with the court: a) a motion for issuance of a decree of foreclosure; b) a proposed form of a decree of foreclosure; and c) any other documents that the plaintiff deems necessary and

appropriate for the court's consideration in entering a decree of foreclosure;

    4.  That the defendants will be permitted to respond to the motion for issuance of a decree of foreclosure before the court enters the decree;

    5.  That the Trial Preparation Conference set for Friday, August 31, 2007, at 10:00 a.m. is **VACATED**; and

    6.  That the trial set to commence Tuesday, September 4, 2007, at 9:00 a.m., is **VACATED**.

Dated July 19, 2007, at Denver, Colorado.

                                  **BY THE COURT:**

                                  **s/ Robert E. Blackburn**
                                  **Robert E. Blackburn**
                                  **United States District Judge**