## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00602 REB-MEH

LPP Mortgage Ltd. f/k/a Loan
Participant Partners, Ltd.,
A Texas Limited Partnership,

      Plaintiff,

v.

William H. Hotaling,
Ada E. Hotaling,

      Defendants.

_____

## ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE
## OF A DECREE OF FORECLOSURE AND DECREE OF FORECLOSURE
_____

The Court, upon consideration of Plaintiff's Motion For Issuance Of A Decree Of

Foreclosure ("Motion"), and upon its review of the file and being fully apprised of all pertinent

facts, hereby sets forth as follows:

**FINDINGS OF FACT**:

1.      On September 14, 1993, Contract Furniture Installers, Inc., through William H.

Hotaling and Ada E. Hotaling (Hotalings), executed a *U.S. Small Business Administration Note*

*(For Disaster Loans Only)* ("Note").

2.      The Note was for the benefit of the Administrator of the SBA.

3.      Under the terms of the Note, Contract Furniture Installers, Inc. promised to pay to

the Administrator of the SBA the principal sum of $152,000.00 plus interest.

4.      A *Deed of Trust (Direct)* ("Deed of Trust") secures the Note.

5.      On September 14, 1993, the Hotalings also executed the Deed of Trust.

6.      The SBA recorded the Deed of Trust on September 28, 1993, in the records of the office of the Jefferson County Clerk and Recorder.

7.      The Deed of Trust encumbers the following real property and improvements:

LOT 5, BLOCK 3, LAKECREST CLUSTER HOMES,

COUNTY OF JEFFERSON, STATE OF COLORADO.

also known as 10444 West 83rd Avenue, Arvada, CO 80005 ("Property").

8.      The SBA, Contract Furniture Installers, Inc., and the Hotalings increased to $216,700.00, from $152,000.00, the principal amount of the Note that the Deed of Trust secures.

9.      On April 26, 1994, the Hotalings accomplished this, in part, by executing a *Modification of Deed of Trust* ("*Modification*").

10.     On April 29, 1994, the SBA recorded the Modification in the records of the office of the Jefferson County Clerk and Recorder.

11.     On April 24, 2001, the SBA assigned to Plaintiff, LPP Mortgage, the Note and Deed of Trust.

12.     The SBA accomplished this through an *Assignment of Notes and Liens (SBA Loan Sale # 2)* ("Assignment of Notes and Liens").

13.     The Deed of Trust provides that the SBA's assigns may take any appropriate action pursuant to Federal statute in Federal Court for the Disposition of the Property. *Deed of Trust, para. 4.*

14.     The Deed of Trust provides that the Court should construe and enforce it in accordance with applicable Federal law. *Deed of Trust, para. 4; 13 C.F.R. 101.100 et seq.*

15.     Plaintiff's Amended Complaint sought a judgment in favor of LPP Mortgage and against all Defendants, requested a decree of foreclosure directing the Sheriff of Jefferson County, Colorado, to sell the Property to the highest bidder, first applying the resulting proceeds toward all amounts due and owing to LPP Mortgage, according to the Note secured by the Deed of Trust, together with costs and fees incurred by LPP Mortgage in the prosecution of this action and in the subsequent Sheriff's sale.

16.     Defendant Litton Loan Servicing, LP, who is the servicer for Defendant Chase Manhattan Bank (both originally named as separate defendants), entered into a Stipulation with Plaintiff, whereby they agreed that Defendant Chase Manhattan Bank and Litton Loan Servicing, LP, together, hold a lien prior to the Plaintiff's lien. Furthermore, the Stipulation effectively dismissed Defendants Chase Manhattan Bank and Litton Loan Servicing, LP without prejudice from this case.

17.     Defendant Mary Schaefer, in her capacity as Public Trustee of Jefferson County, Colorado, filed her Motion To Dismiss Defendant Jefferson County Public Trustee on May 11, 2006, and received an order granting her Motion To Dismiss Defendant Jefferson County Public Trustee on May 12, 2006.

18.     Defendant Miami Capital Development, Inc. was personally served with a copy of the Summons and Amended Complaint on July 6, 2006.  The Affidavit of Service evidencing that service was filed with the court on August 23, 2006. Defendant Miami Capital Development, Inc., entered into a Stipulation with Plaintiff whereby they agreed that Defendant

Miami Capital Development, Inc., holds a lien prior to the Plaintiff's lien. Furthermore, the Stipulation effectively dismissed Defendant Miami Capital Development, Inc. without prejudice from this case.

19.     Defendant Nationscredit Financial Services Corporation (Nationscredit) was personally served with a copy of the Summons and Amended Complaint on May 4, 2006 and the Affidavit of Service evidencing that service was filed with the court on August 10, 2006. Defendant Nationscredit's failure to respond to the Amended Complaint resulted in a Clerk's Default issued against Defendant Nationscredit on October 12, 2006.  Plaintiff now requests that this Court issue a further judgment, by virtue of Defendant Nationscredit's default and in accordance with the Court's judgment entered on July 19, 2007, with this further judgment issued in favor of Plaintiff and against Defendant Nationscredit as a decree of foreclosure.

20.     Defendant William H. Hotaling was personally served with a copy of the Summons and Amended Complaint on June 28, 2006.  The original Affidavit of Service evidencing that service was filed with the court on July 24, 2006.

21.     Defendant Ada Hotaling was personally served with a copy of the Summons and Amended Complaint on June 28, 2006.  The original Affidavit of Service evidencing that service was filed with the court o July 26, 2006.

22.     Defendants Ada E. Hotaling and William H. Hotaling (collectively "Hotalings") filed their Answer To Plaintiff's Amended Complaint and Counterclaims on September 12, 2006.

23.     On May 15, 2007, Plaintiff filed it's Motion For Summary Judgment requesting that summary judgment be entered for Plaintiff and against Defendants Hotalings on the basis

that the statutes, regulations, and case law set forth in the Motion for Summary Judgment consistently evidence and hold that the federal statute of limitations under 28 U.S.C. § 2415(c) should be deemed applicable to the foreclosure sought by LPP Mortgage, as an assignee of the SBA.  Accordingly, Plaintiff asserted that Plaintiff should be permitted to proceed to foreclose its Deed of Trust under the federal statute of limitations set forth in 28 U.S.C. §2415(c).

24.     Defendant Hotalings filed their Response to Motion for Summary Judgment on June 19, 2007 in effort to support their opposing position that "collection of the Corporate Promissory Note is time-barred [under the state statute of limitations] and [therefore] the Deed of Trust was extinguished at the same time that the Corporate Promissory note became time-barred".

25.     On July 19, 2007, this Court issued its Order granting Plaintiff's Motion For Summary Judgment thereby permitting Plaintiff to proceed with judicial foreclosure.

26.     The principal balance due under the Deed of Trust is $211,878.57.

27.     The Interest due under the Deed of Trust from the date of default though August 31, 2007 totals $110,618.03.

28.     Prior foreclosure fees and costs incurred in an effort to collect sums due under the Deed of Trust total $12,103.41.

29.     Current attorneys' fees and costs incurred in an effort to collect sums due under the Deed of Trust total $26,476.04.

30.     Other fees incurred in an effort to collect sums due under the Deed of Trust include title costs and property preservation fees and total $1284.19.

31.     The total due under the Deed of Trust through August 31, 2007 for principal, attorneys' fees and costs is $362,360.24.  The amount due is attested to by Amber Haerst from Countrywide Home Loans, in the Affidavit of Plaintiff Re: Fees and Costs In Support of Motion for Issuance of Decree of Foreclosure filed concurrently herewith.

32.     Defendant Nationscredit is not a minor, is not incompetent, and is not currently in the service of the United States Armed Services.

33.     Jurisdiction and venue are proper in this court.

**WHEREFORE, THE COURT ORDERS** that the Motion For Issuance For A Decree of Foreclosure is **Granted**.  Therefore, the Court hereby enters a further judgment in favor of Plaintiff and against Defendants William H. Hotaling and Ada E. Hotaling and Nationscredit, in accordance with the Court's prior Judgment of July 19, 2007, with this further judgment issued as a decree of judicial foreclosure that hereby directs the Sheriff of Jefferson County, Colorado, to sell the Property to the highest bidder, first applying the resulting proceeds toward all amounts due and owning to the Plaintiff pursuant to the Note secured by the Deed of Trust, together with costs and fees incurred by the Plaintiff in the prosecution of this action and incurred in the subsequent Sherriff's sale.  The Court also grants to Plaintiff any and all further relief, in furtherance of this decree, to which the Plaintiff is entitled.

Dated August 27, 2007.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**United States District Judge**